*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0007P (6th Cir.)
File Name: 03a0007p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MARQUETTE GENERAL
HOSPITAL; MICHAEL EGAN,
      *Plaintiffs-Appellants,*

     *v.*

GOODMAN FOREST
INDUSTRIES; CLAIM
MANAGEMENT SERVICES;
MEDICAL BENEFITS
ASSOCIATION,
      *Defendants-Appellees.*

No. 01-1899

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 00-00173—David W. McKeague, District Judge.

Argued: December 12, 2002

Decided and Filed: January 10, 2003

Before: KENNEDY and GILMAN, Circuit Judges;
SARGUS, District Judge.*

_____

* The Honorable Edmund A. Sargus, Jr., United States District Judge
for the Southern District of Ohio, sitting by designation.

1

————————————

**COUNSEL**

**ARGUED:** Randolph B. Osstyn, OSSTYN, BAYS, FERNS & QUINNELL, Marquette, Michigan, for Appellants. Alan M. Levy, LINDNER & MARSACK, S.C., Milwaukee, Wisconsin, for Appellees. **ON BRIEF:** Randolph B. Osstyn, OSSTYN, BAYS, FERNS & QUINNELL, Marquette, Michigan, for Appellants. Alan M. Levy, LINDNER & MARSACK, S.C., Milwaukee, Wisconsin, for Appellees.

————————————

**OPINION**

————————————

KENNEDY, Circuit Judge. Plaintiffs-Appellants Marquette General Hospital ("Marquette General") and Michael Egan ("Egan") appeal the district court's order granting Defendants-Appellees', Goodman Forest Industries ("Goodman"), Claim Management Services ("CMS") and Medical Benefits Association ("MBA"), motion for summary judgment in this case brought pursuant to the Employment Retirement and Income Security Act ("ERISA"), 29 USC § 1001, *et seq.* For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I.**

The facts of this case are not in dispute. Michael Egan was employed by Goodman full-time as a buyer of logs. Egan was covered by a health insurance plan governed by ERISA, specifically, the Medical, Prescription Drug and Short Term Disability Plan (the "Plan"), which was administered by Goodman's Plan Administrator, CMS.

At certain times of the year, Goodman's logging business was slow. Thus, employees often looked for supplemental work; Goodman knew of and accepted this practice. In the

mean **and**. Any other reading constrains the clear meaning of the language. As this court has previously held, ERISA plans should be interpreted "according to their plain meaning, in an ordinary and popular sense." *Perez*, 150 F.3d at 556.

Plaintiffs' reliance on *Vance v. Pilot Life Insurance Co.*, 831 F.2d 142 (6th Cir. 1987), is misplaced. *Vance* is a pre-*Firestone* case which does not set forth a standard of review, but clearly applies the *de novo* standard. *Vance*, 831 F.2d at 144-45. Moreover, since Vance's activity as a racer of high-speed drag boats was determined, pursuant to North Carolina law, to be "brief, intermittent" and "basically promotional," it is clearly distinguishable from Egan's work of cutting trees for Newland. *Id*. at 145.

Egan was being paid by Newland to cut trees. During the course of that supplemental employment, Egan was seriously and tragically injured. CMS' determination that Egan's claims for benefits under Goodman's Plan arose out of an "occupation or employment for wage or profit" is rational and is neither arbitrary or capricious. Accordingly, we must uphold CMS' determination of benefits.

### III.

For the foregoing reasons, the order of the district court is AFFIRMED.

spring of 1998, during a slow period at Goodman, Egan sought supplemental work from Patrick Newland Logging, Inc. cutting trees. Newland paid Egan based on the type and number of trees cut. Egan provided his own equipment, including a saw and fuel, and kept his own schedule. Newland did not provide Workers' Compensation Insurance for Egan, who was treated as an independent contractor.

On June 18, 1998, while cutting trees for Newland, Egan suffered serious injuries when a tree he had been cutting fell down on him. Egan is now a paraplegic as a result of the accident.

Egan submitted his medical claims to CMS. On August 11, 1998, CMS denied all of Egan's claims for benefits based on exclusionary language in the Plan, which provides, in relevant part:

**LIMITATIONS AND EXCLUSIONS OF THE MEDICAL PLAN**

**The following charges are not covered by the Plan. No medical benefits will be paid with respect to them, except as specified:**

\* \* \*

(2) claims arising out of, or in any course of any occupation or employment for wage or profit or claims for which the covered person is entitled to benefits under any Workers' Compensation or occupational disease law, whether benefits are claimed or not . . . .

CMS denied the claims, finding that Egan was injured in the course of an occupation or employment for wage or profit, other than work for Goodman, and as a result was not covered by the Plan.

Egan also filed a state claim for Workers' Compensation coverage for disability benefits and for medical expense

coverage. Both claims were denied upon a finding that Egan was working as an independent contractor at the time of the accident and, therefore, was not covered by Workers' Compensation.

Subsequently, Egan assigned a portion of his claims to Marquette General, which instituted the case at bar. The district court issued a Memorandum Opinion and Order as to the cross motions for summary judgment on June 15, 2001, in which the court granted Goodman's motion, denied Marquette General's and Egan's motion and dismissed the case.

## II.

This court reviews a challenge to an ERISA benefits determination *de novo,* unless the benefit plan gives the plan administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *University Hosps. of Cleveland v. Emerson Elec. Co., 202 F.3d 839, 845 (6th Cir. 2000), reh'g and suggestion for reh'g en banc den.* (March 3, 2002). If the plan administrator is given discretionary authority, the administrator's determination of benefits is reviewed under the "arbitrary and capricious" standard. *University Hosps. of Cleveland,* 202 F.3d at 845.

The deferential "arbitrary and capricious standard" requires us to uphold a benefits determination if, in light of the plan's provisions, it is rational. *Id.* at 846 (quoting *Yeager v. Reliance Standard of Life Ins. Co.*, 88 F.3d 376, 381 (6th Cir. 1996)).

The Plan at issue provides CMS with "full and discretionary authority to interpret and apply all the Plan provisions, including, but not limited to, all issues concerning eligibility for and determination of benefits." Accordingly, the proper standard of review is the arbitrary and capricious standard. *Id.* at 845.

The question before us is whether CMS was arbitrary and capricious in finding that Egan's work as an independent contractor constituted "any occupation or employment for wage or profit." We find that the Plan Administrator's conclusion, based on undisputed facts, is not arbitrary or capricious. Rather, the determination is rational in light of the Plan's provisions and is based on what we view as clear exclusionary language. There is simply no ambiguity in the Plan's language: "The following charges are not covered by the Plan. . . . (2) claims arising out of, or in any course of any occupation or employment for wage or profit[.]"

Marquette General and Egan contend that there are two reasonable interpretations of the Plan's exclusionary language, thus requiring application of the *contra proferentum* rule.[1] We disagree and find that the Plan's language, while broad, is not ambiguous and rationally supports the Plan Administrator's interpretation and application of it.

The Plan's exclusionary language provides that two types of claims are excluded from coverage: (1) those that arise out of or are in the course of any occupation or employment for wage or profit **or** (2) those claims that are covered by Workers' Compensation, whether or not benefits are claimed pursuant to Workers' Compensation insurance. This exclusion is written in the disjunctive; one exclusion does not depend on the other, nor does one determine the other. Contrary to Plaintiffs' assertion, the word **or** does not also

---

[1]The *contra proferentum* rule is applied where contractual language is found to have more than one interpretation. If the language is subject to more than one interpretation, ambiguities are construed against the drafter of the language. *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 557 n.7 (6th Cir. 1998); *Schnachner v. Blue Cross & Blue Shield*, 77 F.3d 880, 895 n. 6 (6th Cir.), *cert. denied*, 519 U.S. 865 (1996). Disagreement between the parties as to an interpretation of the language does not create ambiguity in the legal sense. *Perez*, 150 F.3d at 557 n.7 (citing *D.E.W., Inc. v. Local 93, Laborers' Int'l Union*, 957 F.2d 196, 199 (6th Cir. 1992)).